IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50946
Conference Calendar

_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

PEDRO RUIZ-BECERRIL,

                                        Defendant-Appellant.


_____

Consolidated with
No. 01-50957

_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

PEDRO RUIZ-BECERRIL,
also known as Pedro Rodriguez-Lopez,

                                        Defendant-Appellant.


--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-98-CR-950-ALL-IL
--------------------
April 11, 2002

Before SMITH, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.

Pedro Ruiz-Becerril appeals the sentence imposed following his guilty plea conviction of being found in the United States after deportation in violation of 8 U.S.C. § 1326. Ruiz-Becerril complains that his sentence was improperly enhanced pursuant to 8 U.S.C. § 1326(b)(2) based on his prior deportation following an aggravated felony conviction. Ruiz-Becerril argues that the sentencing provision violates the Due Process Clause because it permitted the sentencing judge to find, under a preponderance of the evidence standard, a fact which increased the statutory maximum sentence to which he otherwise would have been exposed. Ruiz-Becerril thus contends that his sentence is invalid and argues that it should not exceed the two-year maximum term of imprisonment prescribed in 8 U.S.C. § 1326(a).

In Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses. The Court further held that the sentencing provisions do not violate the Due Process Clause. Id. at 239-47. Ruiz-Becerril acknowledges that his argument is foreclosed by Almendarez-Torres, but asserts that the decision has been cast into doubt by Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). He seeks to preserve his argument for further review.

Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 531 U.S. 1202 (2001). This court

---

R. 47.5.4.

must follow <u>Almendarez-Torres</u> "unless and until the Supreme Court itself determines to overrule it." <u>Dabeit</u>, 231 F.3d at 984 (internal quotation marks and citation omitted). The judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief. In its motion, the Government asks that the judgment of the district court be affirmed and that an appellee's brief not be required. The motion is GRANTED.

AFFIRMED; MOTION GRANTED.